IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CAROLE NELSON,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-13-1417 |
|  | * | Criminal Action No. RWT-09-0214 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

## **MEMORANDUM OPINION AND ORDER**

On May 13, 2013, Petitioner Carole Nelson filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 29. Ms. Nelson's motion claims that her "attorney was not properly prepared" at sentencing. On July 26, 2013, the Government filed a Response in Opposition. ECF No. 32. The Petitioner's motion is without merit and will be denied.

### **Background Facts**

On April 28, 2009, Ms. Nelson entered a plea of guilty as to one count of money laundering in violation of 18 U.S.C. § 1957. ECF No. 7. In her plea agreement, Ms. Nelson waived her right to appeal any sentence within or below the advisory guidelines range resulting from an adjusted offense level of 24. *Id.* After a thorough Rule 11 colloquy, the Court accepted the plea, finding it to be knowing and voluntary. ECF No. 12.

On May 14, 2012, the Court sentenced Ms. Nelson to a term of imprisonment of 29 months followed by three years of supervised release. ECF Nos. 26, 27. The Court found Ms. Nelson's offense level to be 22, which with a criminal history category of I, resulted in a sentencing guidelines range of 41 to 51 months. ECF No. 27. In imposing a term of

imprisonment of only 29 months, the Court departed substantially below the advisory guidelines range. The Court ordered restitution of $34,340,830.13 to be paid jointly and severally with Ms. Nelson's co-defendants. ECF No. 32, Ex. 1.

Ms. Nelson's motion alleges that her attorney "was not properly prepared" at sentencing and did not sufficiently argue that she was not the supervisor in the conspiracy and that she should not be responsible for paying restitution jointly and severally because she only worked for the company for six months. ECF No. 29 at 5.

### **Analysis**

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that a "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2006); *Miller v. United States,* 261 F.2d 546, 547 (4th Cir.1958). If the motion to vacate, set aside, or correct sentence, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b); *United States v. White,* 366 F.3d 291, 296-7 (4th Cir.2004) (evidentiary hearing not required where a petitioner's allegations are "so palpably incredible, so patently frivolous or false as to warrant summary dismissal."). The Court finds that no hearing is necessary in this case.

Ms. Nelson's only cognizable claim challenges her counsel's performance. Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under *Strickland*, defendants must show (1) that their counsel's performance was so "deficient" that "counsel was not functioning as the 'counsel' guaranteed the defendant by the

Sixth Amendment" (the "performance prong") and (2) that the defendant suffered prejudice as a result (the "prejudice prong"). *Id*. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

The Court finds that Ms. Nelson's counsel's performance was objectively reasonable. Ms. Nelson claims that her attorney was not properly prepared specifically because he did not use certain documents that "showed Michael Hickson as being the person [she] was under and answered to" which is relevant because the prosecutor allegedly "weighed [her] participation heavily on the inference that [Ms. Nelson] controlled things." ECF No. 29 at 5.  Having reviewed the sentencing hearing transcript, this Court is satisfied that Ms. Nelson's counsel was prepared and he even did in fact raise these role-related issues. Moreover, Ms. Nelson makes no argument that she suffered prejudice. In fact, she was given a sentence significantly below that contemplated by the guidelines range. She clearly does not meet the *Strickland* standard.

As to Ms. Nelson's claim regarding her restitution order, this is not a cognizable claim under § 2255 which allows petitioners to challenge their custodial status. *See United States v. Coward*, 230 F.3d 1254 (4th Cir. 2000).

## Certificate of Appealability

Ms. Nelson may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Ms. Nelson has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or

wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009). This Court has assessed the claims in Ms. Nelson's motion to vacate her sentence on the merits and found them deficient. No reasonable jurist could find merit in any of her claims, and therefore no certificate of appealability shall issue.

Accordingly, it is this 4th day of September, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner Carole Nelson's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 29] is **DENIED**; and it is further

**ORDERED**, that a certificate of appealability shall not be issued; and it is further

**ORDERED**, that the Clerk shall mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is directed to close Civil Action No. RWT-13-1417.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE